UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Ryan Marine Services, Inc., *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action G-14-298 |
| Prime 8 Offshore, L.L.C., | § § § | |
| *Defendant*. | § § | |

**Memorandum Opinion & Order**

Pending before the court is plaintiffs' motion for entry of default judgment. Dkt. 8. Based on a review of the complaint, motion, and record evidence, the court is of the opinion that the motion should be GRANTED.

**I. Background**

Plaintiffs brought this action to collect unpaid amounts due and owing under a charter party agreement for charter hire and other services performed by plaintiffs for defendant. Specifically, in July 2013, defendant chartered from plaintiffs the M/V RMS ORION at an agreed charter hire rate. Dkt. 1, p. 2. Further, defendant agreed to pay for certain other services and/or equipment to be provided by plaintiffs. *Id.* Between July 9, 2013 and August 20, 2013, defendant chartered or used the M/V RMS ORION on five separate occasions. *Id.* Defendant was invoiced for the amounts due, but despite multiple attempts by plaintiff to collect the sums due and owing, defendant has failed to pay. *Id.* Defendant owes plaintiffs $91,105.73 for charter hire and other services performed by plaintiff. *Id.*

On September 13, 2014, plaintiffs filed the instant lawsuit against defendant, asserting claims for breach of contract and attorneys' fees arising from defendant's failure to pay plaintiffs' invoices.

Dkt. 1.  Defendant was served with process on November 3, 2014 through its registered agent, Norman Ackermann.  Dkt. 5.  Under the Federal Rules of Civil Procedure, defendant's deadline to answer or otherwise respond was November 24, 2014.  FED. R. CIV. P. 12(a).  Defendant was informed of its deadline for responding and consequences for failing to do so.  Dkt. 5.  To date, defendant has not answered or otherwise responded to this lawsuit.  Plaintiffs moved for entry of default judgment on December 4, 2014.  Dkt. 8.  Pursuant to the Local Rules of the Southern District of Texas, plaintiffs served the motion for default judgment upon defendant via certified mail, return receipt requested.  Dkt. 8; S.D. TEX. L.R. 5.5.

## II. LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).  Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint on the defendant.  FED. R. CIV. P. 4(c)(1).  Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested.  S.D. TEX. L.R. 5.5.  Defendant has failed to plead or otherwise defend against this lawsuit.  Further, plaintiffs have properly served defendant with this lawsuit under the Federal Rules and with this motion for default judgment under the Local Rules.  Given defendant's failure to answer the complaint in a timely manner, the court has the authority to enter default against defendant, accept all well-pleaded facts in plaintiffs' complaint as true, and award the relief sought by plaintiffs in this action.  *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Plaintiffs allege that defendants entered into Charter Agreements, agreeing to pay the charter rate for M/V RMS ORION and other related services. Dkt. 1, p. 2. Further, plaintiffs allege that defendant breached these agreements by failing to pay certain invoices for the goods and services provided by plaintiffs. *Id.* Plaintiffs claim that they are owed a total of $91,105.73 under the Charter Agreements plus interest, attorneys' fees, and costs. *Id.* at 2-3; Dkt. 8. The court finds that entry of default against defendant for its failure to appear and answer plaintiffs' lawsuit is warranted. The court further finds that plaintiffs' facts regarding its breach of contract claim are well pled, and the court accepts these facts as true. The court also finds that plaintiffs are entitled to the reasonable and necessary amount of attorney's fees they incurred in the prosecution of this lawsuit pursuant to Texas Civil Practice & Remedies Code § 38.001. Accordingly, the court will award damages for breach of contract in favor of plaintiffs and against defendant in the amount of $91,105.73, plus $1,721.09 in attorneys' fees, and $550.00 in costs.

Accordingly, plaintiffs' motion for entry of default judgment (Dkt. 8) is GRANTED. The court will enter a separate final judgment consistent with this memorandum opinion and order.

Signed at Houston, Texas on January 13, 2015.

_____
Gray H. Miller
United States District Judge